John R. Habashy, Esq. (SBN. 236708)
*john@lexiconlaw.com*
**LEXICON LAW, PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile: (888) 373-2107

[*Additional Counsel listed below*]

*Attorneys for Plaintiff Robert Tichauer*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT TICHAUER, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>HOLLINS AND MCVAY, P.A., a Kansas Professional Association, CBK, INC., a Kansas Corporation, and DOES 1 through 10, inclusive,<br><br>*Defendants*. | CASE NO: 2:22-CV-02038<br><br>**COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. SECTION 227, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

**Additional counsel for Plaintiffs:**
Heather Kolbus, Esq. (ILL # 6278239)
(*Pro Hac Vice* To Be Submitted)
*hkolbus@edcombs.com;courtecl@edcombs.com*
Matthew J. Goldstein (ILL #6339033)
(*Pro Hac Vice* To Be Submitted)
*mgoldstein@edcombs.com*
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

Plaintiff Robert Tichauer ("Plaintiff") alleges as follows against Defendants Hollins and McVay, P.A., a Kansas professional association, CBK, Inc., a Kansas corporation (collectively "Defendants") and Does 1 through 10, inclusive:

### I. JURISTICTION AND VENUE

1. This Court has federal question subject matter pursuant to 28 U.S.C. §§ 1331 and 1337 (commerce) as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), a federal statute. (See *Mims v. Arrow Financial Services*, LLC, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)).

2. This Court has personal jurisdiction over Defendants and venue

is proper in this District because Defendants conduct business within this District and have purposefully availed themselves of the laws and markets of the state of California and this District.

## II. INTRODUCTION

3.  Plaintiff Robert Tichauer brings this action against Defendants Hollins and McVay, P.A., a Kansas Professional Association, CBK, Inc., a Kansas corporation and Does 1-10, to stop Defendants' practice of making phone calls to cellular telephones using a prerecorded message or artificial voice, and to obtain redress for Plaintiff who was injured by Defendants' conduct.

## III. THE PARTIES

4.  Plaintiff Robert Tichauer is an individual who resides in Los Angeles, California.

5.  Defendant CBK, Inc. is a Kansas corporation with offices at 3615 SW 29th Street, Topeka, Kansas 66614.  Its registered agent is H. Kent Hollins at that address.

6.  Defendant Hollins and McVay, P.A. is a Kansas professional association with offices at 3615 SW 29th Street, Topeka, Kansas 66614.  Its registered agent is Kendall McVay at that address.

7.  Defendant CBK, Inc. provides legal collection services, which are done via Defendant Hollins and McVay, P.A.

8. Defendants CBK, Inc. and Hollins and McVay, P.A. acted in concert with respect to the placing the calls described herein.

9. The true names and capacities of Defendants Does 1 through 10 are currently unknown to Plaintiff, who alleges that Does 1 through 10 are responsible in some manner for the injuries sustained by Plaintiff as hereinafter alleged. Plaintiff requests leave to file amendments to this Complaint alleging the true names and capacities of Does 1 through 10 when the same have been ascertained.

10. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venture of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

11. Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would

substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12. There is a unity of interest between Defendants, and each acts as the alter ego of the other.

### IV. THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. §227

13. Congress enacted the TCPA in 1991 in response to a growing number of consumer complaints regarding telemarketing robocalls.

14. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 (Dec. 20, 1991); *see also Mims v. Arrow Fin. Servs., LLC*, 132 S Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

15. Consumer complaints about this conduct have only increased since then. "If robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today. The Federal Trade Commission (FTC) and Federal Communications Commission (FCC) regularly cite "unwanted and illegal robocalls" as their number-one complaint category. The FTC received more than

1.9 million complaints filed in the first five months of 2017 and about 5.3 million in 2016. The FCC has stated that it gets more than 200,000 complaints about unwanted telemarketing calls each year. These complaints are on top of the complaints each state AG's office receives and also does not include the millions of unreported calls.

16.   In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of spam to pay for it, the TCPA prohibits prerecorded or artificial voice calls to cellular phones without consent.

17.   Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991) codified at 47 U.S.C. § 227.

## V. FACTUAL ALLEGATIONS

18.   Plaintiff Robert Tichauer is the subscriber to cellular telephone number xxx-xxx-2508 and pays the cell phone bills.

19.   Beginning in 2018, Plaintiff received over 65 prerecorded voicemail messages from Defendants Hollins and McVay, P.A. and CBK, Inc. on his cellular telephone seeking to collect a debt.  The calls were for a person other than Plaintiff.

20.   Several of the prerecorded voicemail messages asked for a return

phone call to 785-228-3636. Calls returned to 785-228-3636 are answered by a recorded message that begins identifying CBK, Inc.

21. Several of the prerecorded voicemail messages asked for a return phone call to 785-228-6669. Calls returned to 785-228-6669 are answered by a recorded message that begins identifying Defendant Hollins and McVay, P.A.

22. Some of the prerecorded voicemail messages provide the website, www.debthkh.com, to make a payment.

23. The www.debthkh.com website is registered to Collection Bureau of Kansas, Inc. Defendant CBK, Inc. previously used the name Collection Bureau of Kansas, Inc.

24. Defendants repeated calls to Plaintiff were harassing and annoying. Plaintiff was aggravated by Defendants' continuous calls.

25. Plaintiff may have received other unsolicited, prerecorded calls placed by or on behalf of Defendants CBK, Inc. and Hollins and McVay, P.A.

26. Plaintiff has not consented to the receipt of any calls from Defendants.

27. Plaintiff does not owe anything to Defendants.

28. Plaintiff has not voluntarily provided his number to either Defendant.

29. By calling Plaintiff, Defendants caused Plaintiff actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-

kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The calls took time to receive and Plaintiff's statutory right of privacy was invaded.

30. Discovery may reveal additional unsolicited, prerecorded and/or artificial voice calls to Plaintiff's cell phone placed by or on behalf of Defendants CBK, Inc. and Hollins and McVay, P.A.

31. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

32. Defendants' conduct caused Plaintiff to waste time and energy addressing and/or otherwise reviewing and responding to unwanted calls. Defendants caused Plaintiff actual harm, including aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing calls.

33. The TCPA was enacted to protect consumers from unwanted and unsolicited phone calls exactly like those calls alleged in this case.

34. Defendants are responsible for making or causing the making of unsolicited, pre-recorded and/or artificial voice calls.

35. There is no reasonable means for Plaintiff to avoid receiving

Defendants' unsolicited, pre-recoded and/or artificial voice calls.

36. Defendants either negligently or willfully violated the rights of Plaintiff in placing the calls or arranging for the calls to be made.

## VI. CAUSE OF ACTION – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. §227, ET SEQ.

37. Plaintiff incorporates by reference paragraphs 1-36 as if set forth herein in their entirety.

38. The TCPA, 47 U.S.C. § 227, prohibits unsolicited calls to cell phones using an artificial or pre-recorded voice:

"§ 227. Restrictions on use of telephone equipment

... (b) Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier

service, or any service for which the called party is charged for the call; …."

39. The TCPA, 47 U.S.C. § 227(b)(3) further provides:

"Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph."

40. Defendants and/or their agents violated the TCPA by placing calls using a prerecorded or artificial voice calls to Plaintiff's cell phone.

10
**COMPLAINT**

41. Plaintiff suffered damages as a result of receipt of the unsolicited prerecorded or artificial voice calls in that:

    a. The calls invaded Plaintiff's privacy. Unlike live calls, it is not possible for someone like Plaintiff who believes that they were wrongly called to immediately inform the caller of that fact. Instead, the recipient must place a return call.

    b. Plaintiff was required to pay for such receipt, if not on a per message basis, because the receipt counted against the number of minutes or messages he pays for on his cell phone.

    c. Plaintiff's statutory right of privacy was invaded.

    d. The calls consumer power and battery life.

42. Plaintiff is entitled to statutory damages.

43. Defendants violated the TCPA even if their actions were only negligent.

44. Defendants should be enjoined from committing similar violations in the future.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff as follows:

a. An award of statutory damages for each and every violation;

b. Actual damages;

c. An injunction restraining the conduct complied of;

d. Cost of suit; and

e. For such other and further relief as the Court deems necessary, just, and proper.

## X. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, individually and on behalf of all others similarly situated, respectfully requests a trial by jury as to each and every claim for which it is so entitled.

Dated: March 28, 2022            By: */s/ John R. Habashy*
                                 John R. Habashy, Esq. (SBN 236708)
                                 *john@lexiconlaw.com*
                                 **LEXICON LAW PC**
                                 633 W. 5th Street, 28th Floor
                                 Los Angeles, CA 90071
                                 Telephone:   (213) 223-5900
                                 Facsimile:   (888) 373-2107

///

///

///

///

///

Heather Kolbus, Esq. (ILL # 6278239)
 (*Pro Hac Vice* To Be Submitted)
*hkolbus@edcombs.com;*
*courtecl@edcombs.com*
Matthew J. Goldstein (ILL # 6339033)
 *(Pro Hac Vice* To Be Submitted*)*
*mgoldstein@edcombs.com*
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

**Attorneys for Plaintiff**

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Date: March 28, 2022                    /s/ *John Habashy*
                                        John Habashy

                                        **Attorney for Plaintiff**

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

Date:  March 28, 2022              /s/ *John Habashy*
                                   John Habashy
                                   **Attorneys for Plaintiff**